1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELAIDO MIRANDA ARENAS, | CASE NO. 08-CV-1948-JLS (JMA) |
| Plaintiff, | **ORDER: GRANTING DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| COUNTRYWIDE HOME LOANS, INC.; RECONTRUST COMPANY; et al., | (Doc. No. 4) |
| Defendants. | |

Presently before the Court is Defendants' motion to dismiss. (Doc. No. 4.) Plaintiff did not file an opposition and Defendants did not file a reply. For the reasons stated below, this Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

This dispute arises out of Defendants' attempt to foreclose on Plaintiff's house. (Notice of Removal, Ex. A ("Compl.") ¶ 5.) On August 30, 2008, Defendant notified Plaintiff that he was "in default under a deed of trust." (Compl., Ex. 1.) Plaintiff responded by filing suit in San Diego Superior Court on September 22, 2008. (See Compl.) On October 22, 2008, Defendants removed the action to this Court. (Doc. No. 1.) Shortly thereafter, Defendants filed this motion to dismiss. (Doc. No. 4.)

//
//

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits courts to dismiss a complaint for two reasons: (1) lack of a cognizable legal theory or (2) pleading of insufficient facts under an adequate theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir. 1984). In reviewing the Rule 12(b)(6) motion to dismiss, the Court must assume the truth of all factual allegations and construe inferences in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). While the complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). That is, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Associated Gen. Contractors of Am. v. Metropolitan Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998) (quoting Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965 (citations omitted).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). In other words, where leave to amend would be futile, the Court may deny leave to amend. See id.; Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**ANALYSIS**

Plaintiff's Complaint sets out three general causes of action against Defendants. First, he alleges that Defendants engaged in unfair debt collection practices in violation of California's Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), the Federal Fair Debt Collection Practices Act (FDCPA), and the Federal Real Estate Settlement Procedures Act (RESPA). (Compl. ¶¶ 19 & 20.) Next, Plaintiff claims that Defendants engaged in predatory lending practices in violation of the Home Ownership and Equity Protection Act, the Truth in Lending Act, and the

1  Federal Trade Commission Act. (Compl. ¶¶ 21–24.) Finally, the Complaint alleges that Defendants
2  violated the Federal Racketeering Influenced and Corrupt Organizations Act (RICO). (Compl. ¶¶
3  25–26.) None of these causes of action, however, can survive Defendants' motion to dismiss because
4  they consist solely of "labels and conclusions."

### A.  Unfair Debt Collection Practices Claims

Plaintiff's first cause of action consists of a single sentence alleging that Defendants violated three statutory provisions. (See Compl. ¶ 20 ("Plaintiff is informed and believes and thereupon alleges that the Defendants and each of them, in taking the actions aforementioned, have violated provisions of [the Rosenthal Act], . . . and the [FDCA], . . . and the [RESPA].").) It does not, however, explain how the facts detailed in paragraphs one through eighteen amount to such a violation, but merely asserts "conclusory allegations of law." Associated Gen. Contractors, 159 F.3d at 1181.

"The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995); see also 15 U.S.C. § 1692, *et seq*. Plaintiff, however, does not reference any of the FDCPA's various provisions in his complaint, nor does he present any facts which, taken as true, would demonstrate a violation of the FDCPA. See Bell Atl., 127 S.Ct. at 1965. For example, Plaintiff has not alleged that Defendants have engaged in harassment or abuse under § 1692d, used any false or misleading representations under § 1692e, or engaged in unfair practices under § 1692f. Furthermore, even if Plaintiff is alleging violations of § 1692g, he has not provided sufficient facts to support a cause of action under that provision. Although Plaintiff provided the Court with a copy of his pre-suit letter to Defendants, (Compl., Ex. 2) this letter does not dispute any portion of the debt or "request the name and address of the original creditor." 15 U.S.C. § 1692g(b). Since there are no factual allegations that would support this claim under the FDCPA, it is dismissed.

Similarly, Plaintiff's claim fails under the Rosenthal Act, which governs debt collection practices in California. The act makes applicable, with few exceptions, the debt collection standards and remedies of the federal Fair Debt Collection Practices Act. See, e.g., Lavarias v. Toyota Motor Credit Corp., 2004 WL 1194664, at *4 (Cal. Ct. App., 2004). As discussed above, Plaintiff has not set forth sufficient facts to state a claim under this statute. Without allegations of facts which

1  correspond to prohibited behavior, the Court dismisses this claim because the right to relief is, at best,
2  speculative. Bell Atl., 127 S.Ct. at 1965

3  Plaintiff's third theory under his first cause of action is as defective as the first two. RESPA
4  contains a private right of action allowing consumers to sue for violations of § 2607, which prohibits
5  kickbacks and unearned fees. 12 U.S.C. § 2607(a)–(c). Plaintiff, however, has not alleged any facts
6  indicating that Defendants engaged in any of the acts prohibited by RESPA. His conclusory allegation
7  that Defendants violated the act's provisions is insufficient to survive the present motion to dismiss.
8  Therefore, since none of the legal theories presented in Plaintiff's first cause of action have adequate
9  support in Plaintiff's factual allegations, the Court dismisses this cause of action without prejudice.

### B. Predatory Lending Claims

11  Plaintiff's second cause of action alleges that Defendant Countrywide "engaged in deceptive
12  practices with respect to Plaintiff in violation of the Home Ownership and Equity Protection Act
13  ('HOEPA'), the Truth in Lending Act ('TILA'), and the Federal Trade Commission Act ('FTC Act')."
14  (Compl. ¶ 23.) However, Plaintiff admits that "the specifics [of these allegations] are unknown." (Id.)

15  First, the claims under the FTC Act must be dismissed with prejudice. The Ninth Circuit has
16  specifically held that there is no private right of action under the Federal Trade Commission Act. See
17  Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973). Since it would be futile to allow
18  Plaintiff to amend this legal theory, it must be dismissed with prejudice.

19  Next, the remainder of Plaintiff's claims lack sufficient factual allegations to survive a motion
20  to dismiss. As stated above, "[f]actual allegations must be enough to raise a right to relief above the
21  speculative level." Bell Atl., 127 S.Ct. at 1965. In this case, Plaintiff admits that the facts supporting
22  his allegations "are unknown." (Compl. ¶ 23.) This is the very definition of "speculative," and, as
23  such, the Court dismisses the remainder of this cause of action without prejudice.

### C. Racketeering Influenced and Corrupt Organizations Act Claims

25  Plaintiff raises his final cause of action under 18 U.S.C. §§ 1961, *et seq.*, better known as
26  RICO. (Compl. ¶¶ 25–27.) RICO outlaws four types of racketeering-related activities. See 18 U.S.C.
27  § 1962. First, it prohibits investment of income derived "from a pattern of racketeering activity or
28  through collection of an unlawful debt" in "any enterprise which is engaged in, or the activities of

1  which affect, interstate or foreign commerce." Id. § 1962(a). Next, RICO forbids the use racketeering
2  activity or unlawful collection of debt "to maintain . . . any interest in or control of any enterprise
3  which is engaged in, or the activities of which affect, interstate or foreign commerce." Id. § 1962(b).
4  Third, no one "employed by or associated with any enterprise" may conduct the "enterprise's affairs
5  through a pattern of racketeering activity or collection of unlawful debt." Id. § 1962(c). Finally,
6  RICO outlaws conspiracies to violate the first three provisions. Id. § 1962(d).

7  Plaintiff's third cause of action, however, fails to offer any facts which would support the
8  general allegation of RICO violations. It merely alleges that Defendants "participated in a scheme of
9  racketeering." This allegation is, at best, "a formulaic recitation of the elements" of a RICO violation,
10  and as such "will not do." Bell Atl., 127 S.Ct. at 1964–65. Since the facts as described are so general,
11  the Court is not certain that Plaintiff could not possibly state a RICO claim. Therefore, the Court
12  dismisses the third cause of action without prejudice.

13  **CONCLUSION**

14  For the reasons previously stated, this Court **GRANTS** Defendants' motion to dismiss.
15  Plaintiff's claims under the FTC Act are **DISMISSED WITH PREJUDICE** and the remainder of the
16  complaint is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff chooses to file an amended
17  complaint, he **SHALL FILE** by January 31, 2009.

18  IT IS SO ORDERED

20  DATED: January 7, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge